Anthony L. Marcus, CA Bar No. 297368
*anthonylmarcus@gmail.com*
Anthony Marcus Law Firm
2823 E. Pacific Coast Hwy.
Corona Del Mar, CA 92625
Tel: (949) 463-2727

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HOMAYOUN SADR-ARHAMI**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TAX RISE INC.; ESSAM ABDULLAH A.K.A. SAM PRICE; FIDELITY TAX RELIEF LLC; BRIDGLEY INC.; ALEEVLY INC.; PRICE HOLDINGS, INC.; OPTIMA ADVOCATES, INC.,** and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-06862-DDP-PVC<br><br>**CLASS ACTION**<br><br>Hon. Dale S Fischer<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT<br><br>Complaint filed: July 30, 2020<br><br>Trial Date: None Set |

Defendant Tax Rise, INC.; Essam Abdullah A.K.A. Sam Price; Fidelity Tax Relief, LLC.; Bridgley Inc.; Aleevly Inc.; Price Holdings, Inc.; Optima Advocates, Inc. ("Defendants") now answers Plaintiff's Complaint (the "Complaint") against it, as follows:

Except as expressly admitted or qualified hereafter, Defendant denies each and every allegation of the Complaint.

### NATURE OF THE ACTION

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of TAX RISE INC.; ESSAM ABDULLAH A.K.A. SAM PRICE; FIDELITY TAX RELIEF LLC; BRIDGLEY INC.; ALEEVLY INC.; PRICE HOLDINGS, INC.; OPTIMA ADVOCATES, INC. ("Defendants") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

**Answer:** Defendants admit that plaintiff bring this action for himself seeking damages. Defendants deny the remaining allegations in Paragraph 1.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

**Answer:** Defendants admit to the mandate of the TCPA regulations. Defendants deny the remaining allegations contained in paragraph 2.

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls and messages are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102-243 § 11. Toward this end, Congress found that

[b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's

purpose).

**Answer:** Defendants admit to the mandate of the TCPA regulations in paragraph 3.

4.    Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

**Answer:** Defendants admit to the mandate of the TCPA regulations in paragraph 4.

5.    As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

**Answer:** Defendants admit to the precedent stated in paragraph 5. Defendants deny the similarity of this case to the precedent stated and deny the remainder allegations contained in paragraph 5.

6.    The Ninth Circuit recently affirmed certification of a TCPA class case remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012). This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., a federal statute. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 751-53 (2012).

**Answer:** Defendants admit that the court has federal question subject matter jurisdiction under 28 U.S.C § 1331 based on the Telephone Consumer Protection Act, 47, U.S.C. § 227 *et seq*. Defendants deny the similarity of the precedent stated

to this case and deny the reminder allegations contained in paragraph 6.

## JURISDICTION AND VENUE

7.     Jurisdiction is proper under *28 U.S.C.§ 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendants, companies incorporated in California and an individual residing in California. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

**Answer:** Defendants admit to the allegations contained in paragraph 7 that it has its place of business and conduct its business within the jurisdiction of the court. Defendants deny the reminder allegations contain in paragraph 7.

8.     Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. 1391(b)(2)* because Defendants do business within the state of California and Plaintiff resides within this District.

**Answer:** Defendants admit to the allegations contained in paragraph 8 that it has its place of business and conduct its business within the jurisdiction of the court.

## PARTIES

9.     Plaintiff HOMAYOUN SADR-ARHAMI ("Plaintiff"), is a natural person residing in Los Angeles County, California and is a "person" as defined by 47 U.S.C. § 153 (39).

**Answer:** Defendants admit on information and belief that Plaintiff is an "individual." With respect to the remaining allegations in paragraph 9, Defendants lack information or knowledge sufficient to form a belief as to the truth of the reminder allegations and therefore deny the remainder of the allegations in

paragraph 9.

10.     Defendant Tax Rise, Inc. (hereinafter "TAXRISE"), offers tax debt relief and tax debt settlement services to consumers, and is a "person" as defined by 47 U.S.C. § 153 (39).

    **Answer:** Defendants admit that Tax Rise, Inc., is a "person" as defined by 47 U.S.C. § 153(39) as alleged in paragraph 10.

11.     Defendant FIDELITY TAX RELIEF LLC (hereinafter "FIDELITY"), offers tax debt relief and tax debt settlement services to consumers, and is a "person" as defined by 47 U.S.C. § 153 (39).

    **Answer:** Defendants admit that Fidelity Tax Relief, LLC. is a "person" as defined by 47 U.S.C. § 153(39) as alleged in paragraph 11.

12.     Defendant BRIDGLEY INC. (hereinafter "BRIDGLEY"), offers financial consulting and planning services to consumers, and is a "person" as defined by 47 U.S.C. § 153 (39).

    **Answer:** Defendants admit that Bridgley, Inc., is a "person" as defined by 47 U.S.C. § 153(39) as alleged in paragraph 12.

13.     Defendant ALVEELY INC. (hereinafter "ALVEELY"), offers debt relief services to consumers, and is a "person" as defined by 47 U.S.C. § 153 (39).

    **Answer:** Defendants admit that Alveely, Inc., is a "person" as defined by 47 U.S.C. § 153(39) as alleged in paragraph 13.

14.     Defendant PRICE HOLDINGS INC. (hereinafter "PHI"), offers debt relief services to consumers, and is a "person" as defined by 47 U.S.C. § 153 (39).

    **Answer:** Defendants admit that Price Holdings, Inc., is a "person" as defined by 47 U.S.C. § 153(39) as alleged in paragraph 14.

15.     Defendant OPTIMA ADVOCATES, INC. (hereinafter "OPTIMA"), offers financial consultation services to consumers, and is a "person" as defined by 47 U.S.C. § 153 (39).

    **Answer:** Defendants admit that Optima Advocates, Inc., is a "person" as defined by 47 U.S.C. § 153(39) as alleged in paragraph 15.

16.     Defendant ESSAM ABDULLAH A.K.A. SAM PRICE (hereinafter

"ABDULLAH") is an individual who at all relevant times was and is the owner and CEO of Defendants TAXRISE, BRIDGLEY, ALEEVLY, PHI, and OPTIMA. As owner of Defendants TAXRISE, BRIDGLEY, ALEEVLY, PHI, and OPTIMA, ABDULLAH was responsible for the overall success of the company. ABDULLAH materially participated in the calling practices of Defendants TAXRISE, BRIDGLEY, ALEEVLY, PHI, and OPTIMA by occupying a position of critical importance to their business; as the owner / CEO of Defendants TAXRISE, BRIDGLEY, ALEEVLY, PHI, and OPTIMA, ABDULLAH exercised control over the affairs of the companies and regularly engaged, albeit more often indirectly than directly, in the calling practices. Defendant ABDULLAH continued to play a key role in maintaining and expanding Defendants TAXRISE, BRIDGLEY, ALEEVLY, PHI, and OPTIMA's activities throughout the time in question.

**Answer:** Defendants admit that Essam Abdullah is an individual and the owner and CEO of the Defendants. Defendants deny the reminder allegations contained in paragraph 16.

17.    The above named Defendants, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore deny the allegations.

18.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

**Answer:** Defendants deny the allegations in paragraph 18 in its entirety.

## FACTUAL ALLEGATIONS

19.     Beginning in or around February 2019, Defendants contacted Plaintiff via text message on his cellular telephone ending in -2309, in an effort to sell or solicit their services.

**Answer:**  Defendants deny the allegations in paragraph 19 in its entirety.

20.     Defendants contacted Plaintiff on his cellular telephone from phone numbers confirmed to belong to Defendants, including without limitation (949) 627-0709.

**Answer:**  Defendants deny the allegations in paragraph 20 in its entirety.

21.     On or before February 22, 2019, Plaintiff and Defendants engaged in conversation related to Defendants' services. Ultimately, Plaintiff chose not to contract Defendants' services.

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore deny the allegations.

22.     Defendants continued contacting Plaintiff via text message on his cellular phone.

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore deny the allegations.

23.     Defendants' message of February 28, 2019 contained language implying Plaintiff had retained Defendants' services. The message read:

"Your case is still active. You are still eligible for
government balance relief. Please call 714-386-1406.
STOP = STOP"

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore deny the allegations.

24.     Thereafter, Plaintiff called Defendant and asked them to cease contacting him.

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore deny the allegations.

25.     However, Plaintiff's efforts to get Defendants to cease its automated barrage of solicitations were to no avail, and Defendants continued to harass and annoy him with text messages.

**Answer:** Defendants deny the allegation in paragraph 25 in its entirety.

26.     Defendants' message of October 23, 2019 also contained language implying Plaintiff had retained Defendants' services. The message read:

> "Homanoun, I have an update for you regarding your tax
> case. You can reach me at 19492888662. I look forward
> to speaking with you again."

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore deny the allegations.

27.     On November 15, 2019, Defendants again contacted Plaintiff via text message. The message read:

> "ATTN: We have an update regarding your recent
> application submission. Please call for more
> information."

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore deny the allegations.

28.    On December 11, 2019, Defendants again contacted Plaintiff via text message. The message read:

> "Hi Homayoun, there has been a change to your case and we are awaiting your response. Please call for more information."

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore deny the allegations.

29.    On December 13, 2019, Defendants again contacted Plaintiff via text message. The message read:

> "Hi Homayoun, there has been an update on your case and we are awaiting your response. Please call for more information."

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore deny the allegations.

30.    On March 17, 2020, Defendants again contacted Plaintiff via text message. The message read:

> "I have an open case regarding the resolution of your Tax Issue. Give me a call at 949-245-7902 if you're still interested."

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore deny the allegations.

31.    Plaintiff sent Defendants a message asking them to stop contacting him.

Plaintiff's text message read:

> "Stop Sending me these messages, I never opened a case
> with ur guys to begn with. Told this woman, while ago,
> abt these messages and she hung up on me."

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore deny the allegations.

32.    At that point, Plaintiff had withdrawn any consent Defendants might have believed Defendants had prior to that point. Despite Plaintiff's responses, Defendants continued to send unwanted text messages to Plaintiff.

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore deny the allegations.

33.    On April 1, 2020, Defendants again contacted Plaintiff via text message. The message read:

> "TaxRise: Homayoun, find out today if you are eligible
> for government aid on yor back taxes. Call to learn more.
> Reply STOP to opt out."

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore deny the allegations.

34.    Plaintiff responded to Defendants asking them to "stop."

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore deny the allegations.

35.    In response to Plaintiff's request, Defendants sent the following message:

> "You have successfully been unsubscribed. You will not

receive any more messages from this number. Reply
START to resubscribe."

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore deny the allegations.

36.     However, on April 7, 2020, Defendants sent Plaintiff the following message:
"I have an open case to regarding the resolution of your
tax issue. Give me a call at (949) 245-7902 if you are
interested moving forward."

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore deny the allegations.

37.     Defendants again contacted Plaintiff on May 15, 2020. As before, Plaintiff requested Defendant "STOP" and Defendant acknowledge Plaintiff's requested:
"I may be able to help you reduce your tax debt give me
a call at (949) 245-7902 to discuss eligibility."
"STOP"
"You have successfully been unsubscribed. You will not
receive any more messages from this number."

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore deny the allegations.

38.     Defendants again contacted Plaintiff on June 12, 2020. As before, Plaintiff requested Defendant "STOP" Defendant acknowledge Plaintiff's requested:

"Hello, I received your inquiry for assistance. My
nubmer is 949-245-7902. Let's discuss how you can
reduce or even eliminate tax liabilities."
"Stop"
"NETWORK MSS: You replied with the word "stop"
which blocks all texts sent from this number."

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore deny the allegations.

39.     Defendants again contacted Plaintiff on June 23, 2020. As before, Plaintiff requested Defendants "STOP" and Defendant acknowledge Plaintiff's requested:

> "I have an open case to assist you resolving your tax
> issue and have a few more questions to complete your
> application give me a call at 949-245-7902."
> "Stop"
> "NETWORK MSS: You replied with the word "stop"
> which blocks all texts sent from this number."

**Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore deny the allegations.

40.     These text messages placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," (ATDS) as defined by 47 U.S.C. § 227 (a)(1).

**Answer:** Defendants deny the allegations stated in paragraph 40 in its entirety.

41.     Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C.* § 227 (b)(1)(A).

**Answer:**  Defendants deny the allegations stated in paragraph 41 in its entirety.

42.     The telephone number that Defendants, or their agent texted was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming texts pursuant to *47 U.S.C.* § 227 (b)(1).

**Answer:**  Defendants lack information or knowledge sufficient to form a

belief as to the truth of the allegations in paragraph 42 and therefore deny the allegations.

43.     These text messages constituted texts that were not for emergency purposes as defined by *47 U.S.C.* § 227 (b)(1)(A)(i).

    **Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore deny the allegations.

44.     Plaintiff was never a customer of Defendants' services. Accordingly, Defendants and their agents never received Plaintiffs prior express consent to receive unsolicited text messages, pursuant to *47 U.S.C.* § 227 (b)(1)(A).

    **Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore deny the allegations.

45.     These text messages by Defendants, or its agents, violated *47 U.S.C.* § 227 (b)(1).

    **Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore deny the allegations.

46.     In addition, on multiple occasions Plaintiff told Defendants to stop contacting him. Accordingly, Defendants never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C.* § 227 (b)(1)(A).

    **Answer:**  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore deny the

allegations as to the consent. Further, Defendant only contact consumers who submitted their consent to Defendants to be contacted.

47.    Plaintiff alleges upon information and belief, including without limitation his experiences as recounted herein, especially his experience of being called after expressly requesting that Defendants cease text messaging him, that Defendants lacks reasonable policies and procedures to avoid the violations of the Telephone Consumer Protection act herein described.

**Answer:** Defendants deny the allegations in paragraph 47 in its entirety.

## **CLASS ALLEGATIONS**

48.    Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the two proposed classes (hereafter, jointly, "The Classes") The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing text messages from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had revoked any prior express consent to receive such text messages prior to the text messages within the four years prior to the filing of this Complaint.

**Answer:**  Defendants admit that Plaintiff brings the above-captioned action to sue the Defendants. Defendants specifically deny the remaining of the allegations in paragraph 48.

49.    The class concerning the ATDS claim for revocation of consent, to the extent prior consent existed (hereafter "The ATDS Revocation Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing text messages from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such

person had revoked any prior express consent to
receive such text messages prior to the text messages
within the four years prior to the filing of this
Complaint.

**Answer:**  Defendants deny the allegations contained in paragraph 49.
Defendants specifically deny the allegations concerning the Plaintiff ability to
represent class members or this is a certifiable class action. Defendants deny the
remaining allegations contained in paragraph 49.

50.    Plaintiff represents, and is a member of, The ATDS Class, consisting of all
persons within the United States who received any unsolicited text messages from
Defendants to said person's cellular telephone made through the use of any
automatic telephone dialing system or an artificial or prerecorded voice and such
person had not previously not provided their cellular telephone number to
Defendant within the four years prior to the filing of this Complaint.

**Answer:**  Defendants deny the allegations contained in paragraph 50.
Defendants specifically deny the allegations concerning the Plaintiff ability to
represent class members or this is a certifiable class action. Defendants deny the
remaining allegations contained in paragraph 50.

51.    Plaintiff represents, and is a member of, The ATDS Revocation Class,
consisting of all persons within the United States who received any
solicitation/telemarketing text messages from Defendant to said person's cellular
telephone made through the use of any automatic telephone dialing system or an
artificial or prerecorded voice and such person had revoked any prior express
consent to receive such calls prior to the calls within the four years prior to the
filing of this Complaint.

**Answer:**  Defendants deny the allegations contained in paragraph 51.
Defendants specifically deny the allegations concerning the Plaintiff ability to
represent class members or this is a certifiable class action. Defendants deny the
remaining allegations contained in paragraph 51.

52.     Defendants, their employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

**Answer:** Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore currently deny them.

53.     The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

**Answer:**  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore currently deny them.

54.     Plaintiff and members of The ATDS Class and The ATDS Revocation Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and ATDS Class members via their cellular telephones thereby causing Plaintiff and ATDS Class and ATDS Revocation Class members to incur certain charges or reduced telephone time for which Plaintiff and ATDS Class and ATDS Revocation Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and ATDS Class and ATDS Revocation Class members.

**Answer:**  Defendants admit that Plaintiff brings the above-captioned action and purports to seek damages for the alleged harm. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations remaining in paragraph 54 and therefore currently deny them.

55.     Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

      a.  Whether, within the four years prior to the filing of this Complaint, Defendants made any telemarketing/solicitation text messages (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

      b.  Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

      c.  Whether Defendants should be enjoined from engaging in such conduct in the future.

**Answer:**  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore currently deny them.

56.     As a person that received numerous telemarketing/solicitation text messages from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The ATDS Class.

**Answer:**  Defendants deny the allegation in paragraph 56 in its entirety.

57.     Common questions of fact and law exist as to all members of The ATDS Revocation Class which predominate over any questions affecting only individual members of The ATDS Revocation Class. These common legal and factual questions, which do not vary between ATDS Revocation Class members, and which may be determined without reference to the individual circumstances of any ATDS Revocation Class members, include, but are not limited to, the following:

      a.  Whether, within the four years prior to the filing of this Complaint, Defendants made any telemarketing/solicitation text messages (other than a call made for emergency purposes or made with the prior express consent of the called party) to an ATDS Revocation Class

member, who had revoked any prior express consent to be called using an ATDS, using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

   b.  Whether Plaintiff and the ATDS Revocation Class members were damaged thereby, and the extent of damages for such violation; and

   c.  Whether Defendants should be enjoined from engaging in such conduct in the future.

**Answer:**  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore currently deny them.

58.    As a person that received numerous telemarketing/solicitation text messages from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, after Plaintiff had revoked any prior express consent, Plaintiff is asserting claims that are typical of The ATDS Revocation Class.

**Answer:** Defendants deny the allegations contained in paragraph 58.

59.    Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

**Answer:**  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore currently deny them.

60.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual

issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

**Answer:** Defendants deny the allegations contained in paragraph 60 as pertinent to this case.

61.    The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

**Answer:**  Defendants deny the allegations contained in paragraph 61 as pertinent to this case.

62.    Defendants have acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

**Answer:** Defendants deny the allegations contained in paragraph 62.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act 47 U.S.C. §227 et seq.

63.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

**Answer:** Defendant incorporates its responses to all the paragraphs above as though fully stated herein.

64.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

**Answer:** Defendants deny the allegations contained in paragraph 64.

65.    As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq.,

- 19 -                                              Case No. 2:20-cv-06862-DDP-PVC

Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**Answer:** Defendants deny the allegations contained in paragraph 65.

66.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**Answer:** Defendants deny the allegations contained in paragraph 66.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act 47 U.S.C. §227 et seq.

67.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

**Answer:**  Defendant incorporates its responses to all the paragraphs above as though fully stated herein.

68.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

**Answer:** Defendants deny the allegations contained in paragraph 68.

69.      As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**Answer:**  Defendants deny the allegations contained in paragraph 69.

70.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**Answer:**  Defendants deny the allegations contained in paragraph 70.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

• As a result of Defendants' negligent violations of 47 U.S.C. §227(b)(1), Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B); and

• Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

• As a result of Defendants' willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C); and

• Any and all other relief that the Court deems just and proper.

**Answer:**  Defendants deny the allegations contained in PRAYER FOR RELIEF in its entirety.

## JURY DEMAND

71.    Pursuant to his rights under the Seventh Amendment to the United States Constitution, Plaintiff demands a jury on all issues so triable.

**Answer:**  Defendants deny the allegations contained in paragraph 71.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burdens of proof or persuasion that would otherwise rest on Plaintiff, Defendant

asserts the following affirmative defenses. Defendant reserves all rights to assert additional or amended defenses:

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, for lack of any actual injury or standing to assert a claim.

3.      Plaintiff's damages, if any, were caused, in whole or in part, by the actions and/or inactions of third parties and/or intervening causes over which Defendants have no control.

4.      Plaintiff has not been damaged.

5.      Plaintiff's claims are barred, in whole or in part, by his prior express consent.

6.      Plaintiff's claims for damages constitute an excessive fine and violates Defendants' due process rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

8.      Plaintiff's claims are barred, in whole or in part, because any award would constitute unjust enrichment.

9.      Plaintiff's claims are barred, in whole or in part, because Defendants did not willfully or knowingly violate the Telephone Consumer Protection Act of 1991 or any of its regulations.

10.     Plaintiff's claims are barred, in whole or in part, because Defendants substantially complied with the Telephone Consumer Protection Act of 1991 and its regulations.

11.   Defendants reserve the right to assert additional affirmative defenses as they are discovered through the course of discovery.

WHEREFORE, Defendants respectfully request that the Court:

      a.  Dismiss all of Plaintiff's claims against Defendant with prejudice and on the merits;

      b.  That Plaintiff take nothing by the Complaint;

      c.  Award Defendants all costs, disbursements, and reasonable attorney fees  allowed by law; and

      d.  Grant Defendants any such further relief to which it may be entitled.

Dated:  September 7, 2020            ANTHONY MARCUS LAW FIRM

                                By: /s/Anthony Marcus
                                    Anthony L. Marcus
                                    Counsel for Defendants

## **Proof of Service**

I am over the age of 18 years and not a party to this action; my business address is 2823 E. Pacific Coast Hwy., Corona Del Mar, CA 92625.

On September 8, 2020 I served the forgoing document(s) described as:

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

On the below interested parties in this action by delivering a true copy via U.S. Mail thereof address as follow:

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman
Adrian R. Bacon
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367

☒   (VIA U.S. MAIL) In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Corona Del Mar California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

I Declare under penalty of perjury the laws of the State of California that the above is true and correct Executed on September 8, 2020 at Corona Del Mar, California.

_____
Natalie Sahibi

Case No. 2:20-cv-06862-DDP-PVC